María Angela Emmanuelli Solís, demandante y apelada, *v.* Emilio H. Amy Aponte, demandado y apelante.

No. 4793.—*Sometido:* Abril 5, 1929. *Resuelto:* Junio 24, 1929.

*Daniel Pellón, Jr.* y *Antonio Ayuso,* abogados del apelante; *Hugh R. Francis* y *J. Suárez Garriga,* abogados de la apelada.

## Sentencia

Por la corte, a propuesta del Juez Asociado Señor Hutchison:

Por cuanto los supuestos errores especificados por el apelante como cometidos por la corte *a quo* son los siguientes:

"Primer error. La Corte cometió error al apreciar como cierto y declarar probado que el demandado Emilio H. Amy que era hombre jovial, alegre y comunicativo en sus relaciones sociales y de amistad cuando estaba fuera de su hogar, sin embargo, en su hogar no saludaba a su esposa, se encerraba en silencio lleno de desprecio hacia la demandante, no brillaban en sus ojos nada más que chispas de odio y miradas de desprecio y mostraba un ceño adusto y colérico con el fin premeditado de hacer sufrir a la demandante.

"Segundo error. La Corte erró al declarar probado que. el demandado tuvo en varias ocasiones arrebatos de cólera que hicieron creer a la demandante que iba a ser víctima de agresiones corporales por parte del demandado.

"Tercer error. La Corte erró al declarar probado que el demandado solicitara poder general a la demandante, que ésta se lo negara, y que el demandado se pusiera violento y manoteara en la cara a la demandante y estuviera varios meses sin hablarle.

"Cuarto error. La Corte erró al apreciar como cierto que la demandante sorprendiera al demandado haciéndole caricias a una sir-

vienta y que el demandado al verse 'sorprendido amenazara en la cara a la demandante.

"Quinto error. La Corte erró al declarar que el sistema nervioso de la demandada decayera en forma tal, que sufriera intensas jaque· cas, frecuentes vómitos, ataques de nervios y trastornos graves, y que estos fenómenos físicos fueran causados como consecuencia inmediata y directa de los frecuentes altercados con el demandado.

"Sexto error. La Corte erró al declarar probado que la conducta del demandado para con la demandante fuera de naturaleza tal que afectara seriamente la salud de la demandante.

"Séptimo error. La Corte erró al declarar probado que el presente caso fuera uno. bien caracterizado de trato cruel para la demandante por parte del demandado.

"Octavo error. La Corte cometió error al no tomar en cuenta la declaración de la propia demandante, de Emilio H. Amy el demandado, y de sus testigos Rodolfo Vera y Enrique Amy, de donde surge que después de los hechos ocurridos y que la Corte da como probados ocurrió una reconciliación entre demandado y demandante.

"Noveno error. La Corte cometió error al declarar probado que después de la reconciliación continuaran los actos crueles de parte del demandado para con la demandante.

"Décimo error. La Corte erró al declarar con lugar la demanda."

POR CUANTO la única duda que ha surgido en el seno del tribunal, la cual se ha desvanecido después de un ligero examen de la prueba, fué inspirada por una indicación en el informe del fiscal en el sentido de que:

"La cuestión que surge en el presente es si el demandado-apelante en este caso observaba esa conducta solamente en su hogar, con el fin de hacer imposible la vida conyugal entre ambos o si es que el carácter del demandado siempre era el mismo, tanto en su hogar como fuera de él, en cuyo caso habría que aplicar el principio establecido por este Tribunal Supremo en el sentido de que la mera disparidad de caracteres no es suficiente para establecer el trato cruel e injurias graves que requiere la ley en un caso de esta naturaleza."

POR CUANTO la declaración de la Dra. Janer, cuñada de la demandante, de que el demandado es un hombre culto, porque lo ha demostrado fuera de la casa (pág. 16 del récord) y de que fuera del hogar era risueño y alegre (pág. 8 del récord), declaración que no ha sido contradicha por ningún otro tes-

tigo ni puesta en tela de juicio por repregunta alguna sobre tal extremo, basta para establecer la diferencia marcada entre la conducta observada por el demandado dentro del hogar y fuera de él sin necesidad de la corroboración que se encuentra en las declaraciones de otros testigos, tales como Joaquín Emmanuelli, hermano de la demandante, (página 26 del récord), Miguel Angel Emmanuelli, otro hermano, (página 50), de la niñera Felícita Valcárcel, (pág. 40) y la vecina Natalia González, (pág. 33).

POR CUANTO, no encontramos en el alegato del apelante nada que demuestre pasión, prejuicio o la comisión de un error manifiesto por parte del juez de distrio en su apreciación de la prueba.

POR CUANTO estamos enteramente conformes con la corte inferior en que los hechos probados revelan no un caso de mera disparidad de caracteres, como sugiere el fiscal y sí un caso de trato cruel e injurias graves dentro del significado de dichas palabras, tal como han sido empleadas en nuestro Código Civil, y de acuerdo con la doctrina establecida por la jurisprudencia moderna sobre la materia.

POR TANTO, se confirma la sentencia apelada que dictó la Corte de Distrito de San Juan con fecha 5 de diciembre de 1927, en el caso arriba titulado.

El Juez Asociado Sr. Texidor no intervino.